3 *Robbins.*            Shaw *v.* Frey.

## JOHN C. SHAW

*v.*

## MARY A. A. FREY.

[Decided February 7th, 1905.]

.1. Where a federal court acquires jurisdiction in an action at law, a state court will not enjoin plaintiff from prosecuting his demands in the federal court, although the defence involves an account the items of which are so numerous as to prevent a careful consideration by a jury.

2. A state court may compel a discovery from one under its jurisdiction of matters necessary to a fair trial of a law action in a federal court, and may, for that purpose, restrain the prosecution of the action in the federal court pending the discovery, where, owing to the common citizenship of the parties, the federal court cannot grant the relief.

3. An attorney sued by his client while the latter has in her possession the accounts and vouchers containing several hundred items submitted by the former, which constitute his only evidence of payments made by him, is entitled to an injunction restraining the prosecution of the suit pending a discovery by the client of the accounts and vouchers.

On bill for injunction.

*Mr. John C. Shaw, pro se,* and *Mr. Alvah A. Clark,* for the complainant.

*Mr. David D. Ackerman,* and *Mr. S. L. Samuels* (of the New York bar), for the defendant.

BERGEN, V. C.

The complainant files his bill to restrain the defendant from prosecuting suits against him instituted by her, for the same cause of action, in the supreme court of the State of New York and in the United States circuit court for the southern district of New York. The complainant and defendant are, and were when such proceedings were instituted, residents of this state. The reasons assigned by the complainant for the relief sought are, that the questions involved require an examination of an account between the parties, containing over eight hundred items, which cannot be fairly investigated by a jury, and should be disposed of in a court of equity, where an accounting can be had in a more deliberative manner; that in order to successfully present his defence at law, he requires the discovery of a large number of vouchers showing payments made by him for the account of the defendant, as well as an account stated between these parties, all of which are in the possession of the defendant, who, upon request, refuses to return them to the complainant, or to place them where he may have an opportunity to use them in the preparation of his defence, and produce them on the trial in discharge of the charges against him, and prays a discovery of the same and their return to him, to whom they properly belong.

On filing the bill a restraint was allowed according to its prayer, and the defendant has answered, substantially denying the charges in the bill of complaint, with the exception that she admits the possession and withholding of the vouchers and papers of which discovery is prayed, and now moves the dismissal of the restraining order. The principal ground upon which the motion is rested is, that under no circumstances can a court of equity of any state restrain by injunction a person within its jurisdiction from prosecuting a suit in any of the courts of the United States, and that, in a case like the present, when both parties are resident in the same state, and were so when the action in the federal court was instituted, the courts of this state have no authority to restrain one of its citizens from proceeding with his action in an inequitable manner, and it is

earnestly insisted that alleviation of the strict rules of the common law by a court of equity is not possible if a federal court has once obtained jurisdiction, other than by application to the equity side of that court, a proceeding attended with difficulty in a case like the present, where both parties are residents of this state, and consequently not entitled to invoke the jurisdiction of a federal court, and where any such attempt is liable to be met by the objection that the federal court would have no jurisdiction, because all parties reside in the same state.

The rule that the court first obtaining jurisdiction should be allowed to proceed to the determination of the questions at issue, is so well settled as to render unnecessary the citation of authority to sustain it, and if the only question presented was the right or ability of the federal court to try and determine the issue, notwithstanding the claim of the complainant that the items of the account are so numerous as to endanger a careful consideration by a jury, I should have no hesitation in this matter, and dismiss the restraining order at once, for we have no right to assume that the federal court, in which the issue is now pending, will not fully and amply protect the rights of this complainant, however difficult and troublesome it may be. The remaining question to be disposed of is, can this court compel a discovery, from one under its jurisdiction, of matters necessary to a fair trial at law of an action pending in a federal court, and for that purpose restrain one of its citizens from the prosecution of a suit in that court, to defend which the discovery of evidence, proper and necessary, is sought. The right of a court of equity to enforce discovery is one of its established prerogatives, but we are told that this ancient right has totally disappeared in this country whenever its exercise results in restraining a litigant in a federal court, even where the restraint can be immediately removed by the performance by the party restrained, of what, in equity and good conscience, he should do. The restraint in no way interferes with the proceedings of the court, nor with the execution of its judgment, and does not undertake to review its determination, nor settle any of the issues involved; it simply calls upon one litigant to make a necessary discovery in the interest of the administration of justice,

which the trial court cannot, it is alleged and admitted, command.

My attention has been called to and much reliance is placed by the defendant here upon *Central National Bank* v. *Stevens, 169 U. S. 432,* in which the justice who delivered the opinion of the court cites from *Peck* v. *Jenness, 7 How. 612,* the *dictum,* that if one court could restrain the proceedings of an independent foreign tribunal, that court might enjoin the parties to the proceedings in the other court, and thus neither would be able to proceed. The foregoing statement as used in *Peck* v. *Jenness* was *obiter,* for the question there under consideration required no such declaration, because the contest was over the right of the federal court to interfere with a state court, and as this was forbidden by the United States statute, the rule laid down in *Diggs & Keith* v. *Wolcott, 4 Cranch 179,* was followed, but this *dictum* was not accepted as authority by the supreme court of the United States in *Cole* v. *Cunningham, 133 U. S. 107,* Chief-Justice Fuller saying on this point: "But this reasoning has not commended itself to the judicial mind, for the injunction is not directed to the courts of the other state, but simply to the parties litigant, and although the power should be exercised with care, and with a just regard to the comity which ought to prevail among co-ordinate sovereignties, yet its existence cannot at this day be denied." The doctrine that a state court may never restrain a litigant in a federal court, cannot, in my opinion, be supported by the adjudications of the supreme court of the United States. There is to be found in some of the reports expressions by the judges of that court which may perhaps bear that interpretation, but I have been unable to find any adjudication that establishes so broad a principle. In *Diggs et al.* v. *Wolcott, supra,* the question decided was that a federal court could not, under the United States statute, restrain a state court. In *Peck* v. *Jenness, supra,* the question determined was the effect of a judgment in a bankruptcy court on proceedings in a state court, and it was held that none existed. In *Riggs* v. *Johnson County, 6 Wall. 166,* the controversy was over the power of the federal court to execute its judgment by *mandamus,* and while these cases, or some of them,

contain the statement that state courts are devoid of all power to restrain either the process or proceedings of the national courts, it will be found, upon examination, that in every instance the question determined was the authority of the federal court to execute its judgments, and in *Central National Bank* v. *Stevens,* above cited, an attempt was made to deprive the successful party of the fruits of his judgment in the federal court by restraining the enforcement, indirectly, perhaps, of the judgment of the court. All of these cases present different conditions of fact, but the rule established vindicates the right of a federal court to complete its judgment by execution, but I can find no express adjudication holding that a state court having jurisdiction over the party is without power to restrain a litigant in a federal court, no federal question being involved, until he shall make such discovery of evidence as the rules of equity require.

In *Home Insurance Co.* v. *Howell, 24 N. J. Eq. (9 C. E. Gr.) 238,* Chancellor Runyon allowed, and refused to dissolve on motion, an injunction restraining the prosecution of a suit in the circuit court in the United States for the northern district of Illinois.

While it appeared in that cause that the proceedings in Illinois were instituted after the commencement of the suit in New Jersey, the right of enjoining a litigant in a federal court was exercised, and so far as the principle contended for here is concerned, viz., that the state court is destitute of all power to restrain a litigant in a national court under any circumstances, it shows that a condition may be present under which the right to enjoin exists. It is difficult for me to conceive of a situation presenting a stronger appeal for equitable interference than that presented here. The complainant as the solicitor of the defendant, occupying towards his client a fiduciary relation, holds her money and disburses it, as he claims, at her request, covering a period of several years; has frequent accountings; submits to her his accounts and vouchers containing several hundred items, and with them, the only evidence he has of payments made in her possession, she institutes two suits against him in a jurisdiction to which they are both strangers, and then refuses to

return to him his vouchers, which, as it appears to me, are absolutely essential to him in his defence, and which the defendant has no right to withhold. I am of opinion that the injunction should be retained until discovery is made, and that this restraint is not contrary to the law of the land. The motion to dissolve the injunction is refused, with costs, without prejudice to the defendant's right to make a subsequent application if present conditions change.