At the final hearing of this cause before Vice-Chancellor Leaming, on complainant's bill seeking to compel defendant to remove certain railroad tracks theretofore maintained by the defendant on complainant's pier property in the county of Camden, the vice-chancellor found that a dispute as to legal title to thelocus in quo rendered necessary a verdict at law in order to settle the question of legal title before a final decree could be made herein, the bill of complaint to be retained in theinterim. No order based on the vice-chancellor's conclusions has ever been entered; apparently neither party sought nor procured such an order, although this court undoubtedly had the power not only to frame the issue to be tried at law, but also to lay the venue, if the exercise of that power had been sought. *Page 528 
Thereafter the complainant instituted an ejectment suit in the United States district court for the district of New Jersey and was there successful; on appeal to the United States circuit court of appeals for the third circuit, the judgment of the court below was affirmed. A writ of possession will issue on said affirmance, if indeed it has not already issued. In addition to this ejectment suit, complainant also instituted a separate action in the United States district court for the district of New Jersey for mesne profits, which suit is still pending.
At this point, the defendant filed the present petition in which he asks this court to enjoin the complainant from proceeding with the suit for mesne profits and from executing a writ of possession in the ejectment suit; an order to show cause was issued thereon with ad interim restraint.
I think the right of this court to restrain the execution of final process of a federal court is denied by the decision of Chancellor (then Vice-Chancellor) Walker, in Smith v. Reed,74 N.J. Eq. 776. In that case the court said: "Certain it is that courts of the United States have held that final process upon their judgments may not be arrested by injunction out of the state courts operating upon the parties, and I understand, also, that the decisions of our state courts are to the same effect," citing Central National Bank v. Stevens, 169 U.S. 432, to the same effect. See, also, 2 Story Eq. Jur. 900, where it is said, referring to the power sometimes exercised by courts of equity, to restrain parties within their jurisdiction from proceeding in foreign courts: "There is one exception to this doctrine which has been long recognized in America, and that is that state courts cannot enjoin proceedings in the courts of the United States, nor the latter in the former courts." If the ejectment suit had been brought in a court of this state, or if restraint had been sought before final judgment, a different result might obtain. However, as the case now stands, I have no hesitation in following the rule stated by Chancellor Walker, supra.
In any event, it is a serious question whether ejectment accomplishes the end sought to be obtained by Vice-Chancellor *Page 529 
Leaming, but I do not feel called upon to say what would be the decision herein if the verdict at law had been certified to this court for the purpose of completing the final hearing.
So far as the ejectment suit is concerned, therefore, the petition will be dismissed for want of jurisdiction.
As to the suit in the federal court for mesne profits, a somewhat different situation obtains; although the cause has not proceeded to final judgment, and the parties are within the jurisdiction of this court, I can see no sufficient justification for interfering with that suit; the issues there presented are not raised here, nor indeed would this court adjudicate those issues if they were raised here. And no special equity such as that laid hold of by Vice-Chancellor Bergen in Shaw v. Frey,69 N.J. Eq. 321, is present here, so that I conclude that the petition must be dismissed and the order to show cause with thead interim restraint discharged.